Cummins *v.* Hanson.

---

MINNIE CUMMINS, Respondent, *against* LOUIS HANSON,
Appellant.

(Decided April 3d, 1882.)

Where the hirer of rooms with board, under a contract for a definite term
at a certain weekly rental, removes from the premises during the term
and refuses to pay the rent, and an action to recover damages therefor
is brought before the expiration of the term, damages may be recovered
up to the time of the trial; not merely to the time of the commencement
of the action.

APPEAL from a judgment of a district court in the City of
New York.

The facts are stated in the opinion.

*Samuel Jones,* for appellant.

*Christopher Fine,* for respondent.

VAN BRUNT, J.—This action was brought to recover damages for the breach of a contract claimed to have been made by the defendant with the plaintiff, for the rental of certain premises, with board, for the period of seven months, commencing on the 1st of October, 1881, at the weekly rent of $45 including board. The defendant occupied the premises up to the 15th day of October and paid therefor up to that time, and then moved from the said premises and refused to pay anything further.

The action was commenced on the 21st day of October and was tried on the 26th day of November, and a recovery was had for $187; and from the judgment thereupon entered this appeal is taken.

It appeared upon the trial that $35 of the price was for rent and $10 for board, and the justice in granting judgment seems to have allowed for seven weeks rent less $48 received as rent for part of the rooms after they were vacated by the defendant.

The main question involved in this case is as to the rule of damages.

The case of *Taylor* v. *Bradley* (39 N. Y. 129), contains *dicta* which support the claim made by the defendant, that the contract not having been terminated by efflux of time, damages could only be recovered up to the time of the commencement of the action; but the reasoning applies as well to damages which are claimed prior to the commencement of the action as to those which are claimed up to the time of the trial; the basis of the *dicta* being, that the defendant cannot be deprived of his reclamation or abatement for earnings which may be subsequently received from other sources because until the termination of the contract it cannot be determined but that the plaintiff may in the future have employment.

which will be even more renumerative than that which he was to receive from the defendant.

It is established by numerous authorities that for a breach of a contract of this description, the party may commence his action at once for damages, without waiting until the termination of the contract, and it has been held that in case an action was commenced prior to the termination of the contract, where the contract at the time of the trial was terminated, that the party could recover all the damages which he had sustained by reason of the violation of the contract.

In the case of employment an action will not lie for wages unless proof of performance or continuous readiness to perform is established, but in an action for damages such evidence is not necessary; all that is necessary to establish such an action is a breach of the contract of employment upon the part of the defendant. If a party has the right, in case he brings his action prior to the termination of the contract by efflux of time, to recover his damages up to the time of the commencement of the action, there is no reason why he should not be allowed to recover his damages up to the time of the trial, in the same manner as he would be allowed to do if the action was commenced before the termination of the contract by efflux of time, and the trial took place subsequent thereto.

The objection stated in the case of *Taylor* v. *Bradley* is equally strong against the recovery of damages up to the time of the commencement of the action as it is against the right to recover damages up to the time of the trial. Although this question does not seem to have been directly decided by any authority which I have been able to find in this state, or to which my attention has been directed, I am of the opinion that the tendency of the decisions is to allow the recovery of damages in all cases up to the time of trial irrespective of the time of the commencement of the action. The case of *Hochster* v. *De La Tour* (2 El. & B. 691), seems to expressly sanction the latter view.

In any event, however, the judgment seems to have been too large. The amount of the recovery should have been for

six week's rent at $35 a week, $210, less $48—the amount received—making a balance of $162.

The judgment should therefore be reduced to the sum of $179.50 and affirmed for that amount, without costs to either party.

VAN HOESEN, J., concurred.

Judgment accordingly.